# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2687NE

_____

Mostly Media, Inc., a Nebraska                     *
Corporation; Pixel Image                           *
Transformatte, Inc., a Nebraska                    *
Corporation; and Imageware, Inc.,                  *
a Nebraska Corporation, doing                      *
business as Cottonwood                             *
Communications, Inc.,                              *
                                                   *
                    Appellants,                    *
                                                   *
          v.                                       *
                                                   *
U.S. West Communications; U.S.                     *
Marketing Resources Group, Inc.,                   *    On Appeal from the United
doing business as U.S. West Direct;                *    States District Court
U.S. West; U.S. West Communications                *    for the District of
Group, Inc.; Interactive Video                     *    Nebraska.
Enterprises, Inc.; U.S. West Interactive           *
Services, Inc.; U.S. West Multimedia               *
Communications, Inc.; U.S. West                    *
Multimedia Services Group, Inc.;                   *
U.S. West Advanced Technologies, Inc.;             *
U.S. West Business Resources, Inc.,                *
Colorado Corporations; U.S. West                   *
Enhanced Services, Inc., a Washington              *
Corporation; and U.S. West Multimedia              *
Services of Omaha, Inc.,                           *
                                                   *
                    Appellees.                     *

_____

Submitted: April 21, 1999

Filed: August 6, 1999

_____

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and WOLLE,[2] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


This appeal arises from a lawsuit brought in 1994 against U.S. West and several of its affiliates. The appellants, Mostly Media, Inc., Pixel Transformatte, Inc., and Imageware, Inc., allege that U.S. West violated antitrust laws, discriminated against them in violation of the Federal Communications Act of 1934, and negligently manipulated their telephone lines. The District Court[3] granted U.S. West's motion for summary judgment on the antitrust claims, and the remaining claims were tried to a jury. At the conclusion of the plaintiffs' case, U.S. West moved for judgment as a matter of law, and the District Court granted the motion. We affirm.

---

[1]The Hon. Roger L. Wollman became Chief Judge of this Court on April 24, 1999.

[2] The Hon. Charles R. Wolle, United States District Judge for the Southern District of Iowa, sitting by designation.

[3] The Hon. Thomas M. Shanahan, United States District Judge for the District of Nebraska.

## I.

We review briefly the events at the center of this dispute. Mostly Media and the other appellant corporations sought to participate in a video dialtone trial conducted by U.S. West in Omaha, Nebraska, in 1995 and 1996. The trial was the result of a decision by the Federal Communications Commission to allow telephone companies to provide interactive television programming to consumers' homes. Mostly Media, a company that produces television programming, alleges that U.S. West excluded it from the trial by refusing to provide technical information and by requiring a $100,000 letter of credit, and that U.S. West discriminated against it in favor of a U.S. West partner. See 47 C.F.R. § 64.702 (1998). Mostly Media also claims that U.S. West violated the Sherman Antitrust Act by monopolizing an essential facility. See 15 U.S.C. § 2 (1994). Finally, Mostly Media alleges that U.S. West acted negligently in providing its telephone service. Specifically, Mostly Media claims incoming calls rolled over to an unknown destination when its telephone lines were busy or went unanswered, and that this went on for 18 months, causing significant injury to its business.

## II.

We have examined carefully the issue of damages in this case, and we conclude, as the District Court did, that Mostly Media cannot prevail because it did not establish sufficient proof of its damages. With respect to the allegations concerning antitrust violations and the video dialtone trial, Mostly Media must have been able to prove, to a reasonable degree of certainty, that its involvement in the trial would have been profitable. Although inferences may be used to establish the precise amount of injury, speculation is not permitted.

Mostly Media presented several theories to prove its injuries. First, Laurie Dahlgren, an owner of one of the plaintiff corporations, testified that Mostly Media

projected revenues of more than $4.4 million in the first year of operating one of three digital channels it had proposed, $2.4 million of which represented profit. Her testimony was supported, in the main, by Dr. Jerome Sherman, an economist who testified on behalf of the plaintiffs, although Dr. Sherman estimated the profit at $1.7 million.

Mostly Media sought to compare itself to RSVP Information, Inc., a company that entered into a joint venture with U.S. West. According to Mostly Media, RSVP participated in the video dialtone trial in a manner substantially similar to the manner in which it would have participated, had U.S. West not acted illegally in excluding it. The plaintiffs introduced a preliminary business plan prepared for RSVP. Dr. Sherman, who reviewed the plan, testified that the estimated value of the joint venture was more than $8.5 million. In addition, Dr. Sherman testified that RSVP realized an immediate benefit of $505,000 from the joint venture. This theory is based upon evidence that U.S. West, which invested more than $252,000 in the joint venture, owned a third of the business, while RSVP, which invested about $35,000, owned two-thirds of the business. Assuming a third of the joint venture was worth more than $252,000, Dr. Sherman testified, two-thirds would be worth about $505,000. We would characterize this sort of reasoning as mathematical alchemy.

Mostly Media also introduced evidence that Interface Communications earned $6 million as a result of its participation in the trial. This amount, however, represents the sale of assets (a subscriber base and programming rights) that remained at the conclusion of the trial. According to U.S. West, in addition, there are important differences between Mostly Media and Interface Communications, namely that Interface provided analog cable television programming, while Mostly Media did not.

With respect to damages caused by the allegedly negligent provision of telephone services, Ms. Dahlgren estimated that Mostly Media sustained a loss of more than $1.4 million. This figure was arrived at by projecting a constant rate of

growth, and subtracting from that number the amount of actual sales. Dr. Sherman testified that declining revenues resulted in a loss to the company of about $317,000, although he testified that he did not know whether telephone problems actually caused the loss.

Ruling from the bench at the close of the plaintiffs' case, the District Court held that there was insufficient proof of damages. Concerning Mostly Media's claim that it lost profits as the result of inadequate telephone service, the Court said that it "is speculation and conjecture and I cannot see that the plaintiffs have provided . . . concrete evidence . . . that profits lost by the plaintiffs were the direct result of the conduct on the part of U.S. West or the defendants. . .." Trial Tr. at 1001.

Regarding the video dialtone trial and Mostly Media's claim that RSVP occupied a place in the trial comparable to one it could have occupied, the District Court disagreed, saying that "the comparison . . . falls short because the approach . . . that was used by Dr. Sherman is not based on sufficient evidence to show that there was a comparable basis. . .. I do not believe that Dr. Sherman nor the evidence have established that there was sufficient similarity between RSVP and the plaintiffs so that we have an adequate basis for comparison . . .." Trial Tr. at 1007. In addition, we note that Dr. Sherman testified that the joint venture, which never operated, projected a first-year loss of $545,000.

With respect to Mostly Media's other theory of lost profits, which was based upon its own business plan, the Court held that "the whole approach . . . is just fraught with speculation." Id. at 1007-8. The Court said that it had not "heard anything that indicates . . . there was any revenue generated . . . during this . . . video dialtone trial period," and that "merely relying upon this expected or anticipated profit of business without any underlying supportive data [was not] sufficient." Id. at 1008. The Court concluded that it "would not, under the circumstances, submit the question of damages

. . . as it's my conclusion that the plaintiffs' evidence regarding damages is much too speculative to justify or otherwise support a jury's finding . . .." Id.

We agree with the District Court that the proof of damages was too speculative. The burden of proof required of a plaintiff in a lost-profits case is admittedly heavy, and the plaintiffs in this case have not met it. The evidence with respect to the allegations of inadequate telephone service is simply not sufficient. The video dialtone trial was a new and unproved business opportunity. No one knew whether it would work, and, in fact, it did not. The business plans developed by Mostly Media and RSVP were nothing more than optimistic projections for an enterprise that never got off the ground, and the money that Interface Communications earned was for selling U.S. West assets that remained after the trial.

Accordingly, we affirm, substantially for the reasons given by the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT